WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fiesta Pediatric Therapy Incorporated, et al., | No. CV-17-00247-PHX-JAT |
| Plaintiffs/counterdefendants, | **ORDER TO SHOW CAUSE** |
| v. | |
| Joanne Zuniga, | |
| Defendant/counterclaimant. | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the notice of removal fails to sufficiently plead jurisdiction.

Generally, federal subject matter jurisdiction must exist based on the plaintiff's complaint. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, n. 9 (9th Cir. 1985) ("[U]nder the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

In this case, Plaintiffs/Counterdefendants state in their notice of removal that removal is based on Defendant/Counterclaimants' counterclaim. Doc. 1 at 2. Standing alone, that is not a sufficient basis for federal subject matter jurisdiction.

Therefore,

**IT IS ORDERED** that by February 22, 2017, Plaintiffs/counterdefendants (as the

1  removing party with the burden of establishing federal subject matter jurisdiction) shall
2  show cause why this case should not be remanded to state court.
3  Defendant/counterclaimant may respond within 10 calendar day (3 days for mailing shall
4  not be added to the 10 days).  Plaintiffs/counterdendants may reply within 5 calendar
5  days (3 days for mailing shall not be added to the 5 days).
6       Dated this 8th day of February, 2017.

James A. Teilborg
Senior United States District Judge